1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

LEE L. WONG,

                Plaintiff,

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC

                Defendant.

NO.

**COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ., RCW CHAPTERS
19.16 AND 19.86 ET SEQ.,**

10

11

12

13

14

15

16

COME NOW Plaintiff, Lee L. Wong, by and through counsel, who alleges:

### I.    PARTIES AND JURISDICTION

17

    1.    Plaintiff Lee L. Wong is an individual who resides in Washington State.

18

    2.    Defendant Portfolio Recovery Associates, LLC ("PRA"), a Washington Limited

19

Liability Company, UBI # 603 095 769, is a debt collector and collection agency doing business

20

in Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff.

21

PRA's registered agent is Corporation Service Company, 300 Deschutes Way SW Suite 208

22

MC-CSC1, Tumwater, WA 98501.

23

    3.    Jurisdiction over Defendant is proper as Defendant is doing business in

Complaint - 1

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1    Washington State and venue is appropriate in King County, Washington.

2                              **II.    FACTS**

3           4.      On or about June 29, 2019, Plaintiff Lee Wong received a packet of documents

4    from Defendant PRA.

5           5.      Included in the packet were the following: an application for writ of garnishment,

6    a writ of garnishment issued by Defendant, an exemption claim form (which was missing several

7    pages and only contained the first page), and a copy of a default judgment from June 2015.  A

8    copy of the documents that Mr. Wong received is attached as **Exhibit A**.

9           6.      The packet was extremely confusing to Mr. Wong for several reasons.

10          7.      First, it was the first he had learned of the judgment against him, or that the case

11   had even been filed against him.

12          8.      Second, the packet included an application for a writ of garnishment, so it

13   appeared as if PRA was requesting that the district court issue a writ of garnishment.  However,

14   on the writ itself, PRA stated that it was entity issuing the garnishment, and that Mr. Wong

15   would have to treat it as if it was issued by the district court judge.  Thus, it was confusing as to

16   whether the garnishment was already pending, or PRA was simply requesting one from the

17   Court.

18          9.      Third, PRA only included the first page of the exemption form, which instructed

19   him to on how to fill out the form.  However, the rest of the form was missing, so there was no

20   way to follow the instructions.  PRA's failure to include the entire form is contrary to RCW

21   6.27.140, which requires that the statute's entire form be observed.

22          10.     Finally, Mr. Wong wondered why PRA and its attorney would contact him at all.

23   Mr. Wong had retained counsel in May 2019 for another case in which PRA had sued him (that

Complaint - 2

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1   case was later dismissed after Mr. Wong successfully moved for summary judgment). The same

2   attorney represented PRA in both matters, and the packet Mr. Wong received in this case came

3   from the same attorney that had already been working with Mr. Wong's.

4         11.     Stated simply, PRA and its attorney contacted Mr. Wong directly even though

5   they both knew he was represented by counsel.

6         12.     While Plaintiff received the writ, a review of the district court's records reveals

7   that PRA failed to follow the statutory requirements of serving such writ. If a garnishment is

8   served on a judgment debtor by mail, the person making the mailing shall file an affidavit

9   including the same information as required for return on service and, in addition, showing the

10   address of the mailing and attaching the return receipt. RCW 6.27.130(3). PRA never filed such

11   an affidavit.

12         13.     However, PRA made sure to file its garnishment paperwork with the Court, and

13   send it to Mr. Wong's bank (Wells Fargo) prior to sending the documents to Mr. Wong. On June

14   28, 2019, the district court rejected PRA's filing for various procedural deficiencies.

15         14.     Thus, its application for writ had been rejected, and the court sent notice to PRA.

16   A copy of the notice is attached as **Exhibit B**.

17         15.     PRA took absolutely no action after receiving the rejection, and on July 3, 2019,

18   Wells Fargo bank filed an Answer to the writ of garnishment. Wells Fargo stated that it had

19   $2,590.17 of Mr. Wong's money, and proceeded to place a hold on those funds.

20         16.     Despite its writ being rejected, and receiving Wells Fargo's answer to the writ,

21   PRA did nothing. Thus, Wells Fargo has held Mr. Wong's $2,590.17 for over ten months based

22   on PRA's inaction.

23         17.     This is extremely stressful to Mr. Wong, who works as a cook in a Bellevue

Complaint - 3

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1   restaurant.  The amount of money held because of PRA's actions, and inaction, represented a

2   significant amount of money to him.

3       18.     As a final blow to Mr. Wong, who has been directly and significantly impacted by

4   Governor Inslee's "stay home, stay healthy" initiative, he has been unable to match his prior

5   income.  On April 14, 2020, Governor Inslee issued Proclamation 20-49 in which he specifically

6   waived and suspended RCW 6.27.080(2) and (3), which authorize the garnishment of bank

7   accounts.

8       19.     Despite this proclamation, specifically designed to help people like Mr. Wong to

9   minimize the "risk of life, health, and safety of people who are impacted by the economic

10  downturn throughout Washington State and are unable to pay for basic household needs," PRA

11  made no effort to release the funds being held by Wells Fargo.

12      20.     As a result of Defendant's actions detailed above, Plaintiff has incurred expenses

13  in seeking and retaining counsel in connection with ascertaining his legal rights and

14  responsibilities, on information and belief, has suffered damaged credit, and has suffered

15  financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of

16  the collection efforts.

17                      **III.   CAUSES OF ACTION**

18            **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

19      21.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

20  1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

21      22.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

22  19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

23      23.     For claims arising under the Fair Debt Collection Practices Act, such claims are

Complaint - 4

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

## Count 1 (and all subcounts)

24.    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take any action which cannot be legally taken (§ 1692e(5)); the false representation of information to others (§ 1692e(8)); or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

25.    Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it:

    a.    Simultaneously represented to Plaintiff that there was an application for writ of garnishment to the district court and that a writ was being issued by PRA;

    b.    Only provided a partial form for exemption as required under RCW 6.27.140;

    c.    Failed to follow the requirements of mail service of garnishments, thus voiding the garnishment process pursuant to RCW 6.27.130(3). Yet, PRA continues to falsely and misleadingly represent that it has the right to have Wells Fargo hold funds on its behalf.

26.    Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on numerous occasions.

## Count 2 (and all subcounts)

27.    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

Complaint - 5

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1    28.    Plaintiff realleges paragraph 25 *supra*, as constituting unfair and unconscionable

2    means to collect a debt.

3    29.    Additionally, it was unfair and unconscionable to fail to take any action to release

4    the garnished funds with Wells Fargo when:

5        a.   The district court rejected PRA's application for a writ of garnishment, and;

6        b.   Governor Inslee's proclamation waived and suspended all bank garnishments.

7    30.    It was also unfair and unconscionable for PRA to fail to release the garnish funds

8    when it failed to follow the requirements of RCW 6.27.130(3), thus voiding its garnishment

9    process.

10   31.    In summary, Defendant therefore violated 15 U.S.C. § 1692f and/or § 1692f(1) on

11   at least eight (8) occasions.

12                                   **Count 3**

13   32.    A debt collector may not communicate with a consumer in connection with the

14   collection of any debt if the debt collector knows the consumer is represented by an attorney with

15   respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and

16   address.  15 U.S.C. § 1692c(a)(2).

17   33.    Here, PRA was aware that Mr. Wong was represented by counsel, but sent a letter

18   directly to him.

19   34.    Therefore, Defendant violated 15 U.S.C. § 1692c(a)(2).

20   **GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

21   35.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

22

23

Complaint - 6

1   Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

2   damages (to a limit of $25,000) and attorney's fees.

3       36.     Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

4   counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

5       37.     Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*,

6   166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

7   "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing

8   *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

9                                   **Count 4**

10      38.     A collection agency shall not communicate with the debtor after notification from

11  an attorney representing such debtor that all further communications relative to a claim should be

12  addressed to the attorney.  RCW 19.16.250(12).

13      39.     Again, here, PRA was aware that Mr. Wong was represented by counsel, but sent

14  a letter directly to him.

15      40.     Therefore, Defendant violated RCW 19.16.250(12).

16                          **Count 5 – Injunctive Relief**

17      41.     A plaintiff may seek injunctive relief for violations of the Consumer Protection

18  Act.  RCW 19.86.090.

19      42.     Plaintiff does seek injunctive relief from this Court which would enjoin

20  Defendant from collecting debts in the manner described above from both Plaintiff and any other

21  person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

22

23  _____

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 7

1    43.    Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful

2    collection tactics, including but not limited to communicating directly with debtors represented

3    by counsel, unjustifiably keeping debtors from having access to funds in their own bank account,

4    and failing to follow the clear and simple rules outlined for garnishments in RCW 6.27.

5    44.    Plaintiff has reason to believe these actions may constitute a pattern and practice

6    of behavior and have impacted other individuals similarly situated.

7    45.    Injunctive relief is necessary to prevent further injury to Plaintiff and to the

8    Washington public as a whole.

9    46.    Injunctive relief should therefore issue as described herein.

10    **Count 6 – Consumer Protection Act Violation**

11    47.    Defendant engaged in unfair and deceptive practices with Plaintiff regarding the

12    collection of money from Plaintiff, including but not limited to:

13    48.    Defendant's actions as described herein occurred in trade and/or commerce, as

14    Defendant was attempting to collect money allegedly owed for services that were allegedly

15    provided.

16    49.    The actions of Defendant impacts the public interest, as collection (RCW 19.16)

17    and garnishments (RCW 6.27) are extremely common and governed by the revised code of

18    Washington, a collection agency's behavior is governed by RCW 19.16 et seq.,[2] and the

19    governor saw fit to expressly stop garnishments by virtue of a proclamation.  Defendant's actions

20    further impact the public interest because they had or have the capacity to injure others in the

21    same way and/or actually injured others in the same way.

22

23    [2] "The business of debt collection affects the public interest." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 54 (2009)

Complaint - 8

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

49.     Plaintiff was injured by the actions of Defendant in that their actions caused, at minimum:

    a) Damaged credit.

    b) Plaintiff to seek out and retain counsel.

    c) Plaintiff to take time away from work and other revenue generating activities to deal with an alleged debt that was nonexistent.

    d) The loss of use of $2,590.17 for at least ten months.

50.     Plaintiff's injuries would not have occurred but for the actions of Defendant.

51.     Defendant therefore violated the Consumer Protection Act, RCW Chapter 19.86.

## IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     For Judgment against Defendant for actual damages.

2.     For statutory damages of $1,000.00, for FDCPA violations, per Plaintiff and per Defendant.

3.     For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4.     For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5.     For two times Plaintiff's security deposit, pursuant to RCW 59.18.280.

6.     For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3), RCW 19.86.090, and RCW 59.18.280.

7.     For injunctive relief pursuant to RCW 19.86.090 as described above.

Complaint - 9

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1      Respectfully submitted this 13th day of May, 2020.

2

3                                ANDERSON SANTIAGO, PLLC

4

5                                By:_____
                               T. Tyler Santiago, WSBA No. 46004

6                                Jason D. Anderson, WSBA No. 38014
                               Attorneys for Plaintiff

7                                787 Maynard Ave. S.
                               Seattle, WA 98104

8                                (206) 395-2665
                               (206) 395-2719 (fax)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Complaint - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

1

2

3

4

5

6

7

8

**IN THE DISTRICT COURT OF KING COUNTY
IN AND FOR THE STATE OF WASHINGTON**

SOUTH DIVISION
BURIEN COURTHOUSE

9

10

11

12

13

14

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC<br>        Plaintiff,<br><br>        vs.<br><br>LEE L WONG<br>        Defendant,<br><br>WELLS FARGO BK NA<br>        Garnishee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  NO. 152-12460<br><br>)  APPLICATION FOR WRIT<br>)  OF GARNISHMENT |

15

### I.  APPLICATION

16

17

1.1   The undersigned is the attorney for the judgment creditor in the above-entitled action and makes this affidavit in support of issuance of a writ of garnishment in the action.

18

1.2   Plaintiff has a judgment wholly or partially unsatisfied, against the defendant, in the court from which the writ is being sought.

19

20

1.3   The amount alleged to be due is the balance of the judgment or amount of claim, <u>$6,094.57,</u> plus estimated garnishment costs as indicated in the writ.

21

22

1.4   Plaintiff has reason to believe, and does believe, that WELLS FARGO BK NA whose residence and/or business location is:
<u>999 3RD AVE</u>
<u>SEATTLE, WA 98104</u>

23

24

is:    ☒    indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law; or

25

☐    the garnishee has possession or control of personal property or effects belonging

26

27

28

APPLICATION FOR WRIT OF GARNISHMENT    Page 1 of 2



Christopher L. Thompson
PORTFOLIO RECOVERY ASSOCIATES, LLC
10680 Treena St., Ste 500
San Diego, CA 92131
866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

to the defendant which are not exempted from garnishment by any state or federal law.

1.5   The garnishee ☐ is ☒ is not the employer of the defendant.


## II.  CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated   __6 -4 -19__  , at  __Kirkland__   Washington.

_____
Christopher L. Thompson, WSBA # 50769
Attorney for Plaintiff


17-65322

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

*l*

1

2

3

4

5

6

7

8

**IN THE DISTRICT COURT OF KING COUNTY**
**IN AND FOR THE STATE OF WASHINGTON**

**SOUTH DIVISION**
**BURIEN COURTHOUSE**

9

10

11

12

13

14

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC )<br>       Plaintiff,                        )<br>                                        )<br>          vs.                          )<br>                                        )<br> LEE L WONG                             )<br>              Defendant,                )<br>                                        )<br> WELLS FARGO BK NA                      )<br>              Garnishee.                ) | NO. 152-12460<br><br>WRIT OF GARNISHMENT |

15

**This garnishment NOT based on a judgment or court order for child support.**

16

**The State of Washington to:  LEE L WONG**
**And to:  WELLS FARGO BK NA**

17

18

The plaintiff in this action has applied for a Writ of Garnishment against you, claiming that the above named defendant is indebted to plaintiff and that the amount to be held to satisfy the indebtedness is $6,262.57 consisting of:

19

| | |
|---|---:|
| Balance of Judgment: | $6,094.57 |
| Interest under Judgment from _____ to _____: | $0.00 |

20

21

| | |
|---|---:|
| Taxable Costs and Attorneys' Fees: | $128.00 |

22

23

24

25

| Estimated Garnishment Costs: | |
|---|---:|
| Filing and Ex Parte Fees: | $20.00 |
| Service and Affidavit Fees: | $0.00 |
| Postage and Costs of Certified Mail: | $0.00 |
| Answer Fee or Fees: | $20.00 |
| Garnishment Attorney Fees: | $0.00 |

26

WRIT OF GARNISHMENT                    Page 1 of 4                    Christopher L. Thompson
PORTFOLIO RECOVERY ASSOCIATES, LLC
10680 Treena St., Ste 500
San Diego, CA 92131
866/428-8102

27

28

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

|  |  |
|---|---|
| Other: | $0.00 |
| Total estimated garnishment costs: | $40.00 |

TOTAL: $6,262.57

Plus Per Day Rate of Estimated Interest: $0.00 Per day

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of record for the plaintiff, or by this writ, not to pay any debt, other than earnings, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time when this writ was served. Any such payment delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within 20 days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant, at the addresses listed at the bottom of this writ.

If you owe the defendant a debt payable in money in excess of the amount set forth in the first paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee if one is changed and release all addition funds or property to defendant.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT.  IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES INCURRED BY THE PLAINTIFF.

WRIT OF GARNISHMENT                Page 2 of 4                Christopher L. Thompson
PORTFOLIO RECOVERY ASSOCIATES, LLC
10680 Treena St., Ste 500
San Diego, CA 92131
866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

1  This writ is issued by the undersigned attorney of record for plaintiff under the authority of Chapter 6.27
2  RCW, and must be complied with in the same manner as a writ issued by the clerk of the court.

3  Dated this ___ day of _____, 2019.

4  _____  50769
   Attorney for Plaintiff          WSBA No.
5  Christopher L. Thompson
   Portfolio Recovery Associates,
6  LLC
   10680 Treena St., Ste 500
7  San Diego, CA 92131

8  Defendant Address                    Address of the Clerk of the Court
9  LEE L WONG                           KING COUNTY DISTRICT COURT
   11915 ROSEBERG AVE S, APT 301        601 SW 149TH STREET
10 SEATTLE WA 98168-1239                BURIEN, WA 98166

11

12 17-65322

13

14

15

16

17

18

19

20

21

22

23

24

25

26 WRIT OF GARNISHMENT                Page 3 of 4        Christopher L. Thompson
                                              PORTFOLIO RECOVERY ASSOCIATES, LLC
27                                                     10680 Treena St., Ste 500
                                                          San Diego, CA 92131
28                                                           866/428-8102
   This communication is from a debt collector and is an attempt to collect a debt.
   Any information obtained will be used for that purpose.

STATEMENT OF PLAINTIFF'S COUNSEL TO BANKING INSTITUTION

Counsel for the plaintiff states that:

1. The defendant's last known residence is:
   11915 ROSEBERG AVE S, APT 301
   SEATTLE WA 98168-1239

2. The defendant's last known business is:

   with address at:

3. The defendant's last known occupation, trade, or profession is:

   with address at:

4. The defendant's federal tax identification number is:
   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

5. The defendant's account number is:

17-65322

WRIT OF GARNISHMENT                 Page 4 of 4              Christopher L. Thompson
                                                    PORTFOLIO RECOVERY ASSOCIATES, LLC
                                                           10680 Treena St., Ste 500
                                                             San Diego, CA 92131
                                                                866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

## NOTICE OF GARNISHMENT AND OF YOUR RIGHTS

A Writ of Garnishment issued in a Washington court has been or will be served on the garnishee named in the attached copy of the writ. After receipt of the writ, the garnishee is required to withhold payment of any money that was due to you and to withhold any other property of yours that the Garnishee held or controlled. This notice of your rights is required by law.

### YOU HAVE THE FOLLOWING EXEMPTION RIGHTS

WAGES. If the garnishee is your employer who owes wages or other personal earnings to you, your employer is required to pay amounts to you that are exempt under state and federal laws, as explained in the Writ of Garnishment. You should receive a copy of your employer's answer, which will show how the exempt amount is calculated. If the garnishment is for child support, the exempt amount paid to you will be a percent of your disposable earnings, which is 50 percent of that part of your earnings remaining after your employer deducts those amounts which are required by law to be withheld.

BANK ACCOUNTS. If the garnishee is a bank or other institution with which you have an account in which you have deposited benefits such as Temporary Assistance for Needy Families (TANF), Supplemental Security Income (SSI), Social Security, Veteran's Benefits, Unemployment Compensation, or any federally qualified pension, such as a state or federal pension, individual retirement account (IRA), or 401K plan, you may claim the account as fully exempt if you have deposited only such benefit funds in the account. It may be partially exempt even though you have deposited money from other sources in the same account. An exemption is also available under RCW 26.16.200, providing that funds in a community bank account that can be identified as the earnings of a stepparent are exempt from a garnishment on the child support obligation of the parent.

OTHER EXEMPTIONS. If the garnishee holds other property of yours, some or all of it may be exempt under RCW 6.15.010, a Washington statute that exempts up to five hundred dollars ($500) of property of your choice (including up to two hundred dollars ($200) in cash or in a bank account) and certain property such as household furnishings, tools of trade, and a motor vehicle (all limited by differing dollar values).

HOW TO CLAIM EXEMPTIONS. Fill out the enclosed claim form and mail or deliver it as described in instructions on the claim form. If the plaintiff does not object to your claim, the funds or other property that you have claimed as exempt must be released not later than 10 days after the plaintiff receives your claim form. If the plaintiff objects, the law requires a hearing not later than 14 days after the plaintiff receives your claim form, and notice of the objection and hearing date will be mailed to you at the address that you put on the claim form.

THE LAW ALSO PROVIDES OTHER EXEMPTION RIGHTS. IF NECESSARY, AN ATTORNEY CAN ASSIST YOU TO ASSERT THESE AND OTHER RIGHTS, BUT YOU MUST ACT IMMEDIATELY TO AVOID LOSS OF RIGHTS BY DELAY.

17-65322

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**IN THE DISTRICT COURT OF KING COUNTY**
**IN AND FOR THE STATE OF WASHINGTON**

<u>SOUTH</u> DIVISION
<u>BURIEN</u> COURTHOUSE

PORTFOLIO RECOVERY ASSOCIATES, LLC )
    Plaintiff,         )   NO. 152-12460
               )
     vs.         )   EXEMPTION CLAIM
               )
LEE L WONG         )
     Defendant,     )
               )
WELLS FARGO BK NA     )
     Garnishee.     )

INSTRUCTIONS:

1. Read this whole form after reading the enclosed notice.  Then put an X in the box or boxes that describe your exemption claim or claims and write in the necessary information on the blank lines.  If additional space is needed, use the bottom of the last page or attach  another sheet.

2. Make two copies of the completed form.  Deliver the original form by first class mail or in person to the clerk of the court, whose address is shown at the bottom of the Writ of Garnishment. Deliver one of the copies by first class mail or in person to the plaintiff or plaintiff's attorney, whose name and address are shown at the bottom of the writ.  Keep the other copy.  YOU SHOULD DO THIS AS QUICKLY AS POSSIBLE, BUT NO LATER THAN 28 DAYS (4 weeks) AFTER THE DATE ON THE WRIT.

I/We claim the following money or property as exempt:

IF BANK ACCOUNT IS GARNISHED:

☐ The account contains payments from:
  ☐ TANF, SSI, or other public assistance.  I receive $_____ monthly.
  ☐ Social Security.  I receive $_____ monthly.
  ☐ Veteran's Benefits.  I receive $_____ monthly.

EXEMPTION CLAIM         Page 1 of 3       Christopher L. Thompson
                       PORTFOLIO RECOVERY ASSOCIATES, LLC
                       10680 Treena St., Ste 500
                       San Diego, CA 92131
                       866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Filed Burien Courthouse

JUN 17 2015

IN THE DISTRICT COURT OF KING COUNTY
IN AND FOR THE STATE OF WASHINGTON

SOUTH DIVISION
BURIEN FACILITY

PORTFOLIO RECOVERY ASSOCIATES, LLC,       )
       Plaintiff,       )
                       )       CASE NO. 152-12460
       vs.       )
                       )       DEFAULT JUDGMENT
LEE L WONG,       )
       Defendant.       )

SUMMARY OF JUDGMENT

Judgment Creditor: PORTFOLIO RECOVERY ASSOCIATES, LLC

Judgment Creditor's Attorney: ROBERT M. DUNPHY

Judgment Debtor: LEE L WONG

Principal Amount: $6,094.57

Attorney Fees and Costs: $128.00

Total: $6,222.57

17-65322

DEFAULT JUDGMENT -1

Robert M. Dunphy
PORTFOLIO RECOVERY ASSOCIATES, LLC
4330 La Jolla Village Dr., Ste 310, San Diego, CA 92122
Ph. 866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

1    This matter came on before the Court on Plaintiff's motion for entry of a default
2  judgment against defendant LEE L WONG in the amount of $6,094.57.

3    This court already entered an order of default against the Defendant in this action.

4    The Court considered the pleadings filed in this action, the declaration of plaintiff's
   counsel, the proof of service on file and the documents contained herein.

5

6    Based on the argument of counsel, the pleadings, and the evidence presented, the Court
   finds:

7    The amount of $6,094.57 that Plaintiff seeks to recover is a sum certain;

8    Defendant LEE L WONG is not in the military service;

9    Defendant LEE L WONG is not an infant or an incompetent person;

10    Defendant LEE L WONG has been declared in default in this matter by previous order
11  of this court.

12  Based on the above findings of fact JUDGMENT IS ORDERED AS FOLLOWS:

13    1. Plaintiff Portfolio Recovery Associates, LLC is awarded judgment against Defendant
   LEE L WONG in the amount of $6,094.57.

14

15    2. Plaintiff is awarded costs in the amount of $128.00.

                   JUN 1 8 2015

16    Dated: _____              **JUDGE ELIZABETH D STEPHENSON**

17                                         Judge/ Commissioner

18

19  Presented By: _____
                Robert M. Dunphy, WSB# 42894
20              Attorney for Plaintiff

21  17-65322

22

23

24

25

26  DEFAULT JUDGMENT - 2                         Robert M. Dunphy
                                        PORTFOLIO RECOVERY ASSOCIATES, LLC
27                                     4330 La Jolla Village Dr., Ste 310, San Diego, CA 92122
                                               Ph. 866/428-8102
28
     This communication is from a debt collector and is an attempt to collect a debt.
                 Any information obtained will be used for that purpose.

Filed Burien Courthouse

JUN 17 2015

# IN THE DISTRICT COURT OF KING COUNTY
# IN AND FOR THE STATE OF WASHINGTON

SOUTH DIVISION
BURIEN FACILITY

PORTFOLIO RECOVERY ASSOCIATES, LLC,          )
    Plaintiff,          )          CASE NO. 152-12460
                )
    vs.          )          ORDER OF DEFAULT
                )
LEE L WONG,          )
    Defendant.          )

This matter came on before the Court on Plaintiff's motion for an Order of Default against Defendant LEE L WONG on the grounds that Defendant LEE L WONG had not appeared, answered, or otherwise defended in this action.

The Court considered the pleadings filed in this action, the declaration of Plaintiff's attorney and the following evidence: Declaration of Service.

///
///

ORDER OF DEFAULT –1

Robert M. Dunphy
PORTFOLIO RECOVERY ASSOCIATES, LLC
4330 La Jolla Village Dr., Ste 310, San Diego, CA 92122
Ph: 866/428-8102

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

1    Based on the Pleadings, and evidence presented by the Plaintiff's counsel, the Court finds:

2    1. Defendant LEE L WONG was properly served with Plaintiff's summons and complaint in
3    this action on April 14, 2015;

4    2. Venue is proper in this action under RCW 3.66.040(1);

5    3. Defendant LEE L WONG has failed in any way to appear, answer or otherwise defend in this
     action;
6
7    4. The time for appearing and answering Plaintiff's complaint was 20 days, and more than 20
     days has passed since service of the summons and complaint on Defendant LEE L WONG.
8
     Based on the above findings, it is HEREBY ORDERED:
9
10   1. Plaintiff's motion is granted;

11   2. Defendant LEE L WONG is declared to be in default for failing to appear or defend in this
     action.
12
13                                              Dated:  _____JUN 1 8 2015_____

14
                                                By:  ___JUDGE ELIZABETH D STEPHENSON___
15                                                            Judge/Commissioner

16
                                                Presented By:  _____
17                                                             Robert M. Dunphy, WSB# 42894
18                                                             Attorney for Plaintiff

19
20   17-65322

21

22

23

24

25

26   ORDER OF DEFAULT -2

                                                    Robert M. Dunphy
27                                                    PORTFOLIO RECOVERY ASSOCIATES, LLC
                                                    4330 La Jolla Village Dr., Ste 310, San Diego, CA 92122
                                                    Ph: 866/428-8102
28

     This communication is from a debt collector and is an attempt to collect a debt.
              Any information obtained will be used for that purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

**KING COUNTY DISTRICT COURT**
**STATE OF WASHINGTON**
**SOUTH DIVISION, BURIEN COURTHOUSE**

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOC LLC<br><div align="right">Plaintiff(s),</div><br><br><div align="center">v.</div><br><br>LEE L WONG<br><div align="right">Defendant(s).</div> | No. 152-12460-CVKCD<br><br>**COMMUNICATION FROM COURT** |

Check # 409636 for $20 and Application for Writ of Garnishment are returned to you for these reasons:

1.       Current attorney of record is Robert, Dunphy. Please file a notice of appearance for Christopher L. Thompson.

2.       All documents are required to be eFiled. Please visit https://kingcounty.gov/courts/district-court/eFiling.aspx. Please see the notice, "Attention Civil Filers" attached regarding $50 fee per document assessed to the attorney as a sanction for paper submissions.

Dated: June 28, 2019                              RB
                                                                      Court Clerk

Communication From Court - Clerk
KCDC November 2017