HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE L. WONG,<br><br>                          Plaintiff,<br><br>    vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                          Defendant. | NO. 2:20-cv-00928-MLP<br><br>**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and answers Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1. PRA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2. In response to paragraph 2 of Plaintiff's Complaint, PRA admits that it is a Delaware limited liability company with its registered agent as Corporation Service Company located at 300 Deschutes Way SW Suite 208 MC-CSCI, Tumwater, WA 98501.  PRA objects to the allegations in paragraph 2 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that in certain circumstances and in certain instances it acts as a "debt collector" as defined under the FDCPA and in certain circumstances and in certain instances, it conducts business in

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

the State of Washington. PRA is without knowledge or information sufficient to form a belief as to whether PRA acted as a "debt collector" with respect to Plaintiff or whether it attempted to collect a "debt" from Plaintiff as defined under the FDCPA because PRA is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount(s) which PRA sought to collect. PRA is without knowledge or information sufficient to form a belief as to whether it sought to collect a "debt" with respect to Plaintiff because it is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the financial obligation it attempted to collect. PRA admits that it obtained a judgment against Plaintiff. PRA denies any remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Subject to its affirmative defenses, PRA does not challenge jurisdiction or venue at this time. PRA denies any remaining allegations in paragraph 3 of the Plaintiff's Complaint.

**FACTS**

4. PRA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies those allegations.

5. PRA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies those allegations.

6. PRA denies the allegations in paragraph 6 of Plaintiff's Complaint.

7. PRA denies the allegations in paragraph 7 of Plaintiff's Complaint.

8. PRA objects to the allegations in paragraph 8 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies that the allegations in paragraph 8 of Plaintiff's Complaint accurately and completely characterize the nature and scope of any documentation forwarded to Plaintiff by PRA and/or the district court.

9. PRA objects to the allegations in paragraph 9 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a

DEFENDANT PORTFOLIO RECOVERY
ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT – Page 2

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile : (503) 616-3600

response is deemed necessary, PRA denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. PRA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11. PRA denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. PRA objects to the allegations in paragraph 12 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies the allegations in paragraph 12 of Plaintiff's Complaint. PRA further states that, at all times, it complied with federal, state, and local laws.

13. In response to paragraph 13 of Plaintiff's Complaint, PRA admits that on or around June 28, 2019, a writ of garnishment was filed with the Court and was returned for non-substantive, administrative reasons. PRA denies that the allegations in paragraph 13 of Plaintiff's Complaint accurately and completely characterize the nature and scope of the actions PRA took with regard to the writ of garnishment. PRA further states that, at all times, it complied with federal, state, and local laws.

14. In response to paragraph 14 of Plaintiff's Complaint, PRA admits that on or around June 28, 2019, a writ of garnishment filed with the Court was returned for non-substantive, administrative reasons. PRA further states that, at all times, it complied with federal, state, and local laws. PRA also admits that it received a copy of the notice attached to Plaintiff's Complaint as Exhibit B.

15. PRA objects to the allegations in paragraph 15 of Plaintiff's Complaint to the extent that they are not directed at PRA. If a response is deemed necessary, PRA denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. PRA objects to the allegations in paragraph 16 of Plaintiff's Complaint to the extent that they are not directed at PRA. If a response is deemed necessary, PRA denies the allegations in paragraph 16 of Plaintiff's Complaint.

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 3

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile : (503) 616-3600

17. PRA denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. PRA admits that the allegations in paragraph 18 of Plaintiff's Complaint purport to quote and/or paraphrase Proclamation 20-49. PRA objects to the allegations in paragraph 18 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. PRA admits that the allegations in paragraph 19 of Plaintiff's Complaint purport to quote and/or paraphrase a proclamation referenced, but not cited to, by Plaintiff. If a response is deemed necessary, PRA denies that the allegations in paragraph 19 of Plaintiff's Complaint accurately and completely describe the nature and scope of the actions PRA took with regard to the writ of garnishment.

20. PRA denies the allegations in paragraph 20 of Plaintiff's Complaint.

## CAUSES OF ACTION

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

21. PRA objects to the allegations in paragraph 21 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA is without knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" and the obligation at issue is a "debt" as defined under the FDCPA because PRA is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount(s) it sought to collect. PRA denies any remaining allegations in paragraph 21 of Plaintiff's Complaint.

22. PRA objects to the allegations in paragraph 22 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, upon information and belief, PRA admits that Plaintiff is a "debtor" and PRA is a "collection agency" as defined under RCW 19.16.100. PRA is without knowledge or information sufficient to form a belief as to whether it sought to collect a "debt" with respect

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 4

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile : (503) 616-3600

to Plaintiff because it is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the financial obligation it attempted to collect.

23. PRA objects to the allegations in paragraph 23 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 23 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the FDCPA. PRA denies that it violated the FDCPA or any other state or federal law and denies that the allegations in paragraph 23 of Plaintiff's Complaint accurately characterize the FDCPA when taken as a whole. PRA denies any remaining allegations in paragraph 23 of Plaintiff's Complaint.

### Count 1 (and all subcounts)

24. PRA objects to the allegations in paragraph 24 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 24 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the FDCPA. PRA denies that it violated the FDCPA or any other state or federal law and denies that the allegations in paragraph 24 of Plaintiff's Complaint accurately characterize the FDCPA when taken as a whole. PRA denies any remaining allegations in paragraph 24 of Plaintiff's Complaint.

25. PRA denies the allegations in paragraph 25 of Plaintiff's Complaint, including subparts a through c.

26. PRA denies the allegations in paragraph 26 of Plaintiff's Complaint.

### Count 2 (and all subcounts)

27. PRA objects to the allegations in paragraph 27 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 27 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the FDCPA. PRA denies that it violated the FDCPA or any other state or federal law and denies that the allegations in

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 5

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile : (503) 616-3600

paragraph 27 of Plaintiff's Complaint accurately characterize the FDCPA when taken as a whole. PRA denies any remaining allegations in paragraph 27 of Plaintiff's Complaint.

28.     PRA objects to the allegations in paragraph 28 of Plaintiff's Complaint as unintelligible and unanswerable. If a response is deemed necessary, PRA denies the allegations in paragraph 28 of Plaintiff's Complaint.

29.     PRA objects to the form of the allegations in paragraph 29 of Plaintiff's Complaint. If a response is deemed necessary, PRA denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.     PRA denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.     PRA denies the allegations in paragraph 31 of Plaintiff's Complaint.

**Count 3**

32.     PRA objects to the allegations in paragraph 32 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 32 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the FDCPA. PRA denies that it violated the FDCPA or any other state or federal law and denies that the allegations in paragraph 32 of Plaintiff's Complaint accurately characterize the FDCPA when taken as a whole. PRA denies any remaining allegations in paragraph 32 of Plaintiff's Complaint.

33.     PRA denies the allegations in paragraph 33 of Plaintiff's Complaint.

34.     PRA denies the allegations in paragraph 34 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

35.     PRA objects to the allegations in paragraph 35 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 35 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the Consumer Protection Act. PRA denies that it violated the Consumer Protection Act or any other state or federal law

DEFENDANT PORTFOLIO RECOVERY
ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT – Page 6

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

and denies that the allegations in paragraph 35 of Plaintiff's Complaint accurately characterize the Consumer Protection Act when taken as a whole. PRA denies any remaining allegations in paragraph 35 of Plaintiff's Complaint.

36. PRA objects to the allegations in paragraph 36 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 36 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the Consumer Protection Act. PRA denies that it violated the Consumer Protection Act or any other state or federal law and denies that the allegations in paragraph 36 of Plaintiff's Complaint accurately characterize the Consumer Protection Act when taken as a whole. PRA denies any remaining allegations in paragraph 36 of Plaintiff's Complaint.

37. PRA admits that the allegations in paragraph 37 of Plaintiff's Complaint purport to quote and/or paraphrase case law. PRA objects to the allegations in paragraph 37 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies the allegations in paragraph 37 of Plaintiff's Complaint.

### Count 4

38. PRA objects to the allegations in paragraph 38 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 38 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the Consumer Protection Act. PRA denies that it violated the Consumer Protection Act or any other state or federal law and denies that the allegations in paragraph 38 of Plaintiff's Complaint accurately characterize the Consumer Protection Act when taken as a whole. PRA denies any remaining allegations in paragraph 38 of Plaintiff's Complaint.

39. PRA denies the allegations in paragraph 39 of Plaintiff's Complaint.

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 7

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

40. PRA denies the allegations in paragraph 40 of Plaintiff's Complaint.

**Count 5 - Injunctive Relief**

41. PRA objects to the allegations in paragraph 41 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA admits that the allegations in paragraph 41 of Plaintiff's Complaint purport to quote and/or paraphrase case law interpreting the Consumer Protection Act. PRA denies that it violated the Consumer Protection Act or any other state or federal law and denies that the allegations in paragraph 41 of Plaintiff's Complaint accurately characterize the Consumer Protection Act when taken as a whole. PRA denies any remaining allegations in paragraph 41 of Plaintiff's Complaint.

42. PRA admits that the allegations in paragraph 42 of Plaintiff's Complaint purport to quote and/or paraphrase case law. PRA objects to the allegations in paragraph 42 of Plaintiff's Complaint to the extent that they call purely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies the allegations in paragraph 42 of Plaintiff's Complaint and denies that Plaintiff is entitled to injunctive, or any other, relief.

43. PRA admits that Plaintiff purports to seek an injunction. PRA denies the allegations in paragraph 43 of Plaintiff's Complaint and states that, at all times, it complied with federal, state, and local laws.

44. PRA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Complaint regarding what Plaintiff believes and therefore denies those allegations. PRA states further that, at all times, it complied with federal, state, and local laws.

45. PRA denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. PRA denies the allegations in paragraph 46 of Plaintiff's Complaint.

///

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 8

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile : (503) 616-3600

**Count 6 - Consumer Protection Act Violation**

47. PRA denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. PRA objects to the allegations in paragraph 48 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, PRA denies that its actions occurred in trade and/or commerce as defined under the Consumer Protection Act.

49. PRA denies the allegations in paragraph 49 of Plaintiff's Complaint.

49 (sic). The allegations in this paragraph are mislabeled as a duplicate paragraph 49. Notwithstanding the foregoing, PRA denies the allegations in this second paragraph 49 of Plaintiff's Complaint, including subparts a through d.

50. PRA denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. PRA denies the allegations in paragraph 51 of Plaintiff's Complaint.

## PRA'S AFFIRMATIVE DEFENSES

By way of Further Answer and as Affirmative Defenses to the Complaint, PRA asserts the following affirmative defenses. PRA reserves the right to amend this Answer to assert additional defenses, cross-claims, counterclaims, or other defenses, or to withdraw pled defenses as discovery proceeds.

1. <u>Failure to State a Claim Upon Which Relief Can be Granted</u>. The Complaint, and each and every cause of action therein, fails to state a claim against PRA upon which relief can be granted.

2. <u>Comparative Negligence</u>. Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's own acts, omissions, and/or misconduct.

3. <u>Third-Party Fault</u>. The injuries for which Plaintiff seeks relief were proximately caused, in whole or in part, by the acts or omissions of one or more third parties. Liability of the responsible parties should be apportioned according to their individual degree of fault, and any judgment against PRA should be reduced accordingly.

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 9

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

4. <u>Plaintiff's Waiver, Consent, or Misconduct</u>. Plaintiff's claims and alleged damages are barred in whole or in part by Plaintiff's waiver, consent, estoppel, laches, and/or unclean hands.

5. <u>Indispensable Parties</u>. Plaintiff has failed to join necessary and/or indispensable parties.

6. <u>Superseding Cause</u>. Plaintiff's claims are barred because the injuries or damages that Plaintiff complains of were proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiff, third parties, or by events that were extraordinary under the circumstances or not foreseeable in the normal course of events.

7. <u>Contribution</u>. PRA is entitled to contribution from any joint tortfeasor to the extent that PRA pays any amount of damages in excess of its pro rata share as determined by the trier of fact.

8. <u>Failure to Mitigate</u>. Plaintiff has failed to mitigate damages.

9. <u>Lack of Warranties</u>. No warranties existed, either express or implied, between PRA and Plaintiff. If any applicable warranties were made, which is expressly denied, such were excluded orally, in writing, by course of dealing, by course of performance, by usage of trade, or were limited to exclude the relief now requested by Plaintiff. Further, if any applicable warranties were made, which is expressly denied, such were expressly disclaimed, and Plaintiff is therefore barred from recovery for any breach of warranty.

10. <u>Standing</u>. Plaintiff has no Article III standing as he has experienced no injury in fact.

11. <u>Offset</u>. Any monetary award against PRA must be offset by the monies due and owing the PRA from the Plaintiff.

12. <u>Arbitration</u>. PRA asserts that arbitration may be the appropriate venue for Plaintiffs' claims, as, upon information and belief, PRA may possess certain arbitration rights based on contracts entered into by Plaintiff.

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 10

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

13. <u>Bona-fide error.</u> PRA states that any violation of the FDCPA which it denies occurred, was unintentional and incurred as a bona fide error in spite of procedures reasonably adapted to avoid such error, as PRA has policies and procedures in place to ensure that upon transferring an account to it Litigation Department, PRA follows all applicable federal and state laws. PRA affirmatively states that it maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA, including those related to written communications to consumers. These procedures and protocols are reasonably adapted to avoid violations of the FDCPA, such as the ones alleged in this case, as PRA has in place policies and procedures to ensure that its written communications comply with the FDCPA. PRA's employees are trained to comply with all of its policies and PRA's training procedures are extensive, thorough and reasonably adapted to prevent its collectors from violating its policies or the FDCPA. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

14. <u>Statute of limitations.</u> Plaintiff's claims are barred by the applicable statute of limitations.

15. PRA reserves its right to amend this Answer to allege additional affirmative defenses and other relief pursuant to discovery in this case.

## PRA'S PRAYER FOR RELIEF

Wherefore, having fully answered Plaintiff's Complaint, PRA requests the following relief:

a. That Plaintiff's Complaint be dismissed with prejudice;

b. That Plaintiff recover nothing from PRA on Plaintiff's claims herein;

c. That PRA be awarded its costs and disbursements herein, including reasonable fees; and

/ / /

/ / /

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 11

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3855
Facsimile :  (503) 616-3600

     d.     That PRA be granted such other and further relief as the Court may deem appropriate.

Dated: July 28, 2020.              GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ W. Gregory Lockwood*
W. Gregory Lockwood, WSBA No.: 52232
wglockwood@grsm.com
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Phone: (503) 382-3855
Fax: (503) 616-3600
*Attorney for Defendant Portfolio Recovery Associates, LLC*

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 12

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile: (503) 616-3600

# **CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of Washington that I am over the age of 18, and on this date I caused a copy of the foregoing **DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to be served as stated below:

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of Oregon at Portland, addressed as set forth below.

☐ by transmitting via electronic delivery (e-mail) the attached document(s) to the e-mail address(es) set forth below.

☒ by transmitting via electronic delivery the attached document(s) to all attorneys of record using the CM/ECF system.

T. Tyler Santiago, WSBA No. 46004
Jason. D. Anderson, WSBA No. 38014
Anderson Santiago, PLLC
787 Maynard Ave. S.
Seattle, WA 98104
tyler@alkc.net
jason@alkc.net
*Attorneys for Plaintiff*

**I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct.**

DATED this 28th day of July, 2020.

GORDON REES SCULLY MANSUKHANI LLP

By: _____
Heather A. Coffey, Legal Assistant

DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT – Page 13

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3855
Facsimile: (503) 616-3600